## LUCINDA ROWAN v. JOHN D. RILEY.

1. LANDLORD AND TENANT. *Rent. When personal representative and when heir may claim.* When rent becomes due before the death of the landlord, it is assets; but if after his death, it descends to the heirs, as incident to the reversion.

2. SAME. In a suit by the heir to recover rents, some of which, as shown by the declaration, accrued before and some after the death of the ancestor: *Held,* that the declaration was demurrable.

---

FROM HAWKINS.

---

From the Circuit Court at Rogersville.

No record.

NICHOLSON, C. J., delivered the opinion of the court.

Lucinda Rowan sues John D. Riley in the Circuit Court of Hawkins county, in trespass on the case, to recover the rents of a tract of land of 125 acres, from which he expelled Elizabeth King, the mother of Lucinda Rowan, in May, 1858, and retained possession and received the rents from that period until the commencement of this suit. The plaintiff also claims, in her declaration, damages for destruction of timber by defendant, and for expenses in recovering possession. She states that since the eviction in 1858 Elizabeth King, who was the owner of the land, has died, leaving plaintiff as her only heir, and to whom descended said tract of land.

Defendant demurred to the declaration upon several grounds, but the only one which it is necessary to notice is, that the rents sought to be recovered belonged to Elizabeth King in her lifetime and to her personal representatives, and not to her heirs, after her death.

The Circuit Judge sustained the demurrer, but gave plaintiff leave to amend her declaration. Upon her declining to amend, the suit was dismissed, and she has appealed.

It appears upon the face of the declaration that a portion of the rents sued for, accrued and were due in the lifetime of Elizabeth King, who was the owner of the land; but what portion accrued before, and what portion afterwards, is not stated. The rule is, that "if the landlord dies before the rent becomes due, it goes to the heir as incident to the reversion; but if he dies after it has become payable, it goes to the executor or administrator, as part of the personal estate": 3 Kent, 464. It follows that, as to such portions of the rents as were due and payable before the death of Elizabeth King, plaintiff could not sue, but the suit for such portion of the rents, as well as for any legal claim she may have had for compensation for cutting timber and expenses of recovering possession, should have been in the name of the personal representative and not of the heir.

There was no error in the judgment, and the same is affirmed.